UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 24-cv-23087-DPG

M&M PRIVATE LENDING GROUP, LLC,

    Plaintiff,

v.

M/Y 80' VICTORY, a 1988 Burger Custom
Motor Yacht, Hull Identification Number
BRGJ462CD888, her engines, tackle, and other
Appurtenances, in rem, and JOHN MARLIN
HENNINGER, in personam and VICTORY
CHARTERS LLC, in personam,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Summary Judgment. [ECF No. 25]. The Court has reviewed the Motion, Plaintiff's Statement of Material Facts, [ECF No. 26], and the record in this case and is otherwise advised in the premises. Defendants did not respond to the Motion despite being instructed to do so. *See* [ECF No. 31]. For the following reasons, the Motion is **GRANTED**.[1]

    **I.**     **BACKGROUND**

Plaintiff M&M Private Lending Group ("Plaintiff" or "M&M") brought this action to foreclose a preferred ship mortgage on the M/V 80' Victory, a 1988 Burger Custom Motor Yacht ("the Vessel"). Defendant Victory Charters, LLC ("Victory Charters") is the owner of the Vessel.

---

[1] The Court granted Plaintiff's motion for entry of default on April 24, 2025. [ECF No. 35]. Although entitled to a default final judgment, Plaintiff's counsel expressed to the Court her preference for a ruling on Plaintiff's Motion for Summary Judgment.

1

Defendant John Marlin Henninger ("Henninger") is a guarantor and managing member of Victory Charters, LLC.

On September 9, 2019, Victory Charter executed a First Preferred Ship Mortgage and a Promissory Note in the Principal Amount of $450,000. [ECF No. 26 at ¶¶ 1, 2]. With scheduled interest at the rate of 16.5%, Victory Charters was required to make monthly principal and interest payments of $9,066.55 until the loan's date of maturity. *Id*. ¶ 5. Henninger also executed a personal Guaranty Agreement for the loan. *Id*. ¶ 3. Plaintiff holds the mortgage which was duly and validly recorded with the United States Coast Guard Vessel Documentation Center on September 19, 2019. *Id*. ¶ 4.

As of January 28, 2022, the outstanding principal balance due was $365,467.91. *Id*. ¶ 6. On January 28, 2022, the parties entered into a Loan Modification Agreement which (1) extended the maturity date for an additional twenty-four (24) months to January 28, 2024, and (2) reduced the loan's interest rate to 15.5% annum beginning January 28, 2022. *Id*. ¶ 7. Defendants failed to pay the outstanding balance of the loan by its maturity date; therefore, the Defendants are in default of the Mortgage, Promissory Note, and Loan Modification Agreement. *Id*. ¶ 8. Plaintiff demands full payment of the debt. *Id.* at ¶ 9.

On August 13, 2024, Plaintiff filed a Complaint against Defendants for foreclosure of the Vessel's mortgage in rem (Count I), against Victory Charters for default under the note and mortgage (Count II), and against Henninger as the personal guarantor (Count III). [ECF No. 1]. On March 14, 2025, Plaintiff moved for Summary Judgment. [ECF No. 25]. On March 31, 2025, the Court granted defense counsel's Motion to Withdraw and directed Henninger to, on or before April 9, 2025, obtain new counsel for the Vessel and Victory Charters and notify the Court of his intention to represent or obtain new counsel for himself. [ECF No. 31]. The Court also directed

Defendants to file a response to Plaintiff's Motion for Summary Judgment on or before April 9, 2025. *Id.* The Court noted that it would enter a default against Defendants and treat Plaintiff's Motion for Summary Judgment as unopposed if Henninger failed to comply with the Order. *Id.* Because he failed to do so, the Court granted Plaintiff's Motion for Court's Entry of Default on April 15, 2025, [ECF Nos. 34, 35], and the Court deems Plaintiff's Motion for Summary Judgment as unopposed.

## II.     LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)(l)(A)). After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585 (1986).

Local Rule 56.l(a) provides that "[a] motion for summary judgment and the opposition to it shall each be accompanied by a separate . . . Statement of Material Facts . . ." which "shall list the material facts that the movant contends are not genuinely disputed." S.D. Fla. L.R. 56.l(a)(l). Pursuant to Local Rule 56.1(c), where the non-movant fails to file a Statement of Material Facts in Opposition, "[a]ll material facts in [the moving] party's Statement of Material Facts may be deemed admitted . . . ." S.D. Fla. L.R. 56.l(c); *see also Jones v. Gerwens,* 874 F.2d 1534, 1537 n.3

(11th Cir. 1989) ("[f]acts set forth in the Defendants' Statement of Undisputed Facts which are not controverted, are deemed admitted" pursuant to the Local Rules).

When considering an unopposed motion for summary judgment, however, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. 5800 SW 74th Ave.,* 363 F.3d 1099, 1101 (11th Cir. 2004). Therefore, "[a]lthough the statements contained in [the movant's] Statement of Material Facts are deemed admitted, [the] court must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1303 (11th Cir. 2009) (citing *Reese v. Herbert,* 527 F.3d 1253, 1269 (11th Cir. 2008)). "Even in an unopposed motion, the moving party still bears the burden of identifying 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp.*, 477 U.S. at 323). "That is, the movant is not 'absolve[d] . . . of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record.'" *Reese,* 527 F.3d at 1268-69 (quoting *Holtz v. Rockefeller & Co.,* 258 F.3d 62, 74 (2d Cir. 2001)).

### III.    DISCUSSION

As Defendants failed to respond to Plaintiff's Statement of Material Facts, the Court deems those facts as true. *See* S.D. Fla. L.R. 56.l(c). Moreover, Plaintiff has supported its Statement of Material Facts with record evidence. As explained below, Plaintiff has shown that it is entitled to judgment as a matter of law.

On September 9, 2019, Defendants executed a First Preferred Ship Mortgage and a Promissory Note. On the same day, Defendant Henninger executed a personal guaranty for the loan. Thereafter, the Parties entered into a Loan Modification Agreement which extended the loan's maturity date for 24 months and reduced the interest rate from 16.5% per annum to 15.5% per annum beginning on January 28, 2022. Despite those modifications, Defendants failed to pay the loan's outstanding balance by its maturity date. Therefore, the Defendants are in default of the Mortgage, Promissory Note, and Loan Modification Agreement.

The Court finds that Defendants owe Plaintiff a total of $474,074.01, consisting of $272,246.78 in principal; $72,176.21 in interest; $8,558.07 in late charges; $97,633.00 in insurance, retrieval, storage, and preservations costs; $168.50 in other fees; a $1,127.95 trust balance; $1,103.50 in costs; and $21,060.00 in attorneys' fees.[2] *See* [ECF No. 26 at ¶ 10].

IV. **CONCLUSION**

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment, [ECF No. 25], is **GRANTED**.
2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.
3. Pursuant to Fed. R. Civ. P. 58, final judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of May, 2025

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] The figures here are as of March 15, 2025, the date of the Plaintiff's Motion for Summary Judgment. [ECF No. 25].